IN THE SUPREME COURT OF TENNESSEE
Assigned on Briefs May 28, 2020

## IN RE: WINSTON BRADSHAW SITTON, BPR #018440

_____

### No. M2020-00401-SC-BAR-BP

_____

SHARON G. LEE, J., concurring in Section III, not joining in Sections I and II.

I join only in Section III of the majority opinion, agreeing that we should increase Mr. Sitton's punishment to a four-year suspension from the practice of law with one year on active suspension and the remainder on probation.

I do not join in Sections I and II because those sections exceed the scope of our review under Tennessee Supreme Court Rule 9, section 15.4 and this Court's March 20, 2020 Order. *See* Order, *In re Sitton*, No. M2020-00401-SC-BAR-BP (Tenn. Mar. 20, 2020) (order deeming attorney discipline to be "inadequate" and "propos[ing] that the punishment should be increased").

Under Tennessee Supreme Court Rule 9, section 15.3(a), the Hearing Panel submitted its findings to the Board of Professional Responsibility. The Board and Mr. Sitton could have appealed the Hearing Panel's findings, but neither did. Tenn. Sup. Ct. R. 9, § 15.3(b). The Board then filed a proposed Order of Enforcement with this Court for review of the recommended punishment "with a view to attaining uniformity of punishment . . . and appropriateness of punishment under the circumstances of [the] particular case." *Id.* § 15.4(b). Based on Rule 9, section 15.4(c), this Court found that the "proposed punishment seems inadequate. . . . Accordingly, this Court propose[d] that the punishment should be increased." Order, *In re Sitton*, No. M2020-00401-SC-BAR-BP (Tenn. Mar. 20, 2020).

Thus, the only issue for review under Rule 9, section 15.4(c) and the Court's Order was whether we should increase Mr. Sitton's punishment. Yet in Section I, the majority addressed Mr. Sitton's various complaints about how the Hearing Panel handled his case, finding Mr. Sitton's complaints had no merit. In Section II, the majority concluded that the evidence supported the Hearing Panel's decision that Mr. Sitton violated sections 8.4(a) and (d) of the Rules of Professional Conduct. Only in Section III did the majority address the inadequacy of Mr. Sitton's punishment.

Sections I and II exceed the scope of this Court's review under Rule 9 and the Court's Order and are dicta. Thus, I join only in Section III of the majority opinion.

_____
SHARON G. LEE, JUSTICE